1  RICHARD J. IDELL, ESQ. (SBN 069033)
   ORY SANDEL, ESQ. (SBN 233204)
2  IDELL & SEITEL LLP
3  465 California Street, Suite 300
   San Francisco, CA 94104
4  Telephone: (415) 986-2400
   Facsimile: (415) 392-9259
5
6  *Attorneys for Plaintiffs*

7
                    **UNITED STATES DISTRICT COURT**
8
                    **NORTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| SUSAN MORA, as Trustee of The Merl Saunders Trust; MERL SAUNDERS, JR., as Trustee of The Merl Saunders Trust; and TONY SAUNDERS, as Trustee of The Merl Saunders Trust, <br><br>         Plaintiffs, <br><br>    v. <br><br>JERRY GARCIA ESTATE, LLC, a California limited liability company; JERRY GARCIA FAMILY, LLC, a California limited liability company; RHINO ENTERTAINMENT COMPANY, a Delaware corporation; WARNER MUSIC GROUP CORP., a Delaware corporation; WARNER STRATEGIC MARKETING, INC., a Delaware corporation; DEBORAH KOONS-GARCIA (sued as DOE 1), an individual; DEBORAH KOONS-GARCIA (sued as DOE 2) and DAVID HELLMAN (sued as DOE 3) and DOES 5 through 10, as Trustees of the KEELIN GARCIA TESTAMENTARY TRUST (sued as DOE 4); and DOES 11 through 1000, inclusive, <br><br>         Defendants. | Case No: CV 08 5772 PVT <br><br>**FIRST AMENDED COMPLAINT FOR:** <br>1. **VIOLATION OF LANHAM ACT SECTION 43(a) [15 U.S.C. § 1125(a)];** <br>2. **VIOLATION OF STATUTORY RIGHT OF PUBLICITY [CAL. CIVIL CODE § 3344];** <br>3. **VIOLATION OF STATUTORY RIGHT OF PUBLICITY – DECEASED PERSONALITY [CAL. CIVIL CODE § 3344.1];** <br>4. **ACCOUNTING;** <br>5. **INJUNCTIVE RELIEF [15 U.S.C. § 1116(a)];** <br>6. **DECLARATORY RELIEF;** <br>7. **VIOLATION OF CAL. BUS. & PROF. CODE § 17200.** <br><br>**DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs SUSAN MORA, MERL SAUNDERS, JR. and TONY SAUNDERS, as Trustees of the Merl Saunders Trust ("Plaintiffs"), and for their complaint against Defendants JERRY GARCIA ESTATE, LLC, a California limited liability company; JERRY GARCIA FAMILY, LLC, a California limited liability company; RHINO ENTERTAINMENT COMPANY, a Delaware

corporation; WARNER MUSIC GROUP CORP., a Delaware corporation; WARNER STRATEGIC MARKETING, INC., a Delaware corporation; DEBORAH KOONS-GARCIA (sued as DOE 1), an individual; DEBORAH KOONS-GARCIA (sued as DOE 2) and DAVID HELLMAN (sued as DOE 3) and DOES 5 through 10, as Trustees of the KEELIN GARCIA TESTAMENTARY TRUST (sued as DOE 4); and DOES 11 through 1000, inclusive, (collectively "Defendants"), allege as follows:

## I. NATURE OF COMPLAINT.

1.      Merl Saunders, also known as Merl Saunders Washington ("Saunders"), was a famous musician who was incapacitated by a stroke in or about 2002. Saunders died on or about October 24, 2008. Saunders' estate was assigned, descended, devised or bequeathed to and/or otherwise remained with The Merl Saunders Trust (the "Trust") following Saunders' death. Plaintiffs, as Trustees of the Trust, have inherited the residue of Saunders' estate, including Saunders' publicity rights and intellectual property rights, and hold the right and are legally entitled to bring and pursue these claims.

2.      Plaintiffs bring this action against Defendants under both federal and state law. Plaintiffs' federal claims are pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* Plaintiffs bring them as a result of Defendants' unauthorized use of famous musician Merl Saunders' name, image, likeness and celebrity identity in connection with the release of certain compact disc ("CD") titles.

3.      Such actions by Defendants create confusion among consumers and convey the false impression that Saunders or Plaintiffs, the exclusive owners and licensors of Saunders' name, voice, likeness and celebrity identity, licensed, approved, sponsored, endorsed or is otherwise affiliated with Defendants' CD releases. Defendants' intentional and unauthorized misappropriation of Saunders' name, image, likeness and celebrity identity show complete disregard for Saunders' and Plaintiffs' rights and licensing policies. Defendants' acts constitute unfair competition and false endorsement under Lanham Act section 43(a), 15 U.S.C. § 1125(a), misappropriation of rights of publicity under California law, and violations of California's unfair competition and deceptive trade practices law. By engaging in this wrongful conduct, Defendants have reaped ill-gotten profits, for which Plaintiffs seek compensatory and punitive damages, attorneys' fees and costs, an accounting, and injunctive and declaratory relief.

//

//

## II. JURISDICTION AND VENUE.

3. Jurisdiction with this Court is proper under 28 United States Code section 1331 (federal question jurisdiction) because the claims arise from Defendants' violations the United States Code, including, *inter alia*, section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Additionally, this Court has supplemental jurisdiction over Plaintiffs' state law claims for Defendants' wrongful acts pursuant to 28 United States Code section 1367 and the doctrines of pendent and ancillary jurisdiction because the state law claims arise from a common nucleus of operative facts giving rise to the federal claims alleged this case.

4. Some or all Defendants are located and/or regularly do business in Marin County, California, and this Court has personal jurisdiction over each and all of them pursuant to 18 United States Code sections 1965(a), (b) and (d) and California state law.

5. Venue is proper in this District pursuant to 18 United States Code section 1965(a), 28 United States Code section 1391(b) and Local Rule 3-2 of the United States District Court, Northern District of California.

## III. PARTIES.

6. Plaintiffs SUSAN MORA, MERL SAUNDERS, JR. and TONY SAUNDERS are the Trustees of the Merl Saunders Trust (the "Trust"). The Trust was created and settled by Saunders, who, until his death, resided in Marin County, California. Saunders was, at the times relevant herein, a world-renowned multi-instrumentalist and professional musician. In 2002, Saunders was incapacitated as a result of a stroke that had paralyzed one side of his body and curtailed his musical career. From 2002 until his death, Saunders was home-bound and cared for by a full-time, live-in nurse. Saunders died on or about October 24, 2008 at the age of 74.

7. On information and belief, Defendant JERRY GARCIA FAMILY, LLC is a California limited liability company doing business at 591 Redwood Highway, Suite 1200, Mill Valley, California 94941 and the successor-in-interest to Defendant JERRY GARCIA ESTATE, LLC.

8. On information and belief, Defendant JERRY GARCIA ESTATE, LLC is a now-dissolved California limited liability company formerly doing business at 1000 Fourth Street, Suite 375 San Rafael, California 94901 and the predecessor-in-interest to Defendant JERRY GARCIA FAMILY, LLC. On information and belief, JERRY GARCIA ESTATE, LLC was formed by the heirs of Jerome

"Jerry" Garcia ("Garcia") for the purpose of engaging in, among other things, the business of administering, supervising, licensing, and dealing in all activity and matters relating to Garcia's name, likeness, song lyrics, other personality rights, recorded performances (audio and visual), musical compositions (including songwriting and any music publishing), visual art and artwork, and merchandise rights, and to all manner of intellectual property and income derived there from or in connection therewith. On information and belief, JERRY GARCIA ESTATE, LLC is and/or was, at the times relevant herein, both the assignee and owner of trademarks, copyrights and publicity rights related to the name, image, voice, likeness, song lyrics, music and art of Garcia, and is and/or was, at the times relevant herein, the legal owner of publicity rights and intellectual property rights related to Garcia.

9. On information and belief, Defendant RHINO ENTERTAINMENT COMPANY is a Delaware corporation headquartered at 75 Rockefeller Plaza, New York, NY 10019 and doing business in California at 10635 Santa Monica Blvd., Los Angeles, CA, 90025. On information and belief, RHINO ENTERTAINMENT COMPANY is a subsidiary of Defendant WARNER MUSIC GROUP CORP.

10. On information and belief, Defendant WARNER MUSIC GROUP CORP. is a Delaware corporation headquartered at 75 Rockefeller Plaza, New York, NY 10019 and doing business in California at 10635 Santa Monica Blvd., Los Angeles, CA, 90025. On information and belief, Defendant WARNER MUSIC GROUP CORP. is the parent company of Defendant RHINO ENTERTAINMENT COMPANY.

11. On information and belief, Defendant WARNER STRATEGIC MARKETING, INC. is a Delaware corporation headquartered at 75 Rockefeller Plaza, New York, NY 10019 and doing business in California at 3400 W. Olive Avenue, Burbank, CA, 901505-4614. On information and belief, WARNER STRATEGIC MARKETING, INC. is a subsidiary of Defendant WARNER MUSIC GROUP CORP.

12. Plaintiffs are informed and believe, and thereon allege, that certain of the Defendants herein were the agents, representatives and/or employees of certain other Defendants, including but not limited to certain of the DOE Defendants, at the times and places alleged in the Complaint.

13.     On information and belief, at the times relevant herein, DEBORAH KOONS-GARCIA was a member of JERRY GARCIA ESTATE, LLC and is herein sued individually as DOE 1.  On information and belief, at the times relevant herein, the KEELIN GARCIA TESTAMENTARY TRUST (the "Trust") was a member of JERRY GARCIA ESTATE, LLC and is herein sued as DOE 4, by and through its trustees, DEBORAH KOONS-GARCIA, sued herein in her capacity as a co-trustee of the Trust as DOE 2, and DAVID HELLMAN, sued herein in his capacity as co-trustee of the Trust as DOE 3, and DOES 5 through 10, whose true names and capacities are presently unknown to Plaintiffs, sued herein in their capacities, on information and belief, as co-trustees of the Trust.  On information and belief, DOES 11 through 50, whose true names and capacities are presently unknown to Plaintiffs, are the remaining members of the now-dissolved JERRY GARCIA ESTATE, LLC.

14.     The true names and capacities of those persons, firms and entities named herein as Defendants DOES 5 through1000, inclusive, are presently unknown to Plaintiffs, who therefore sue such defendants by their fictitious names.  Plaintiffs are informed and believe, and thereon allege, that each of the said DOE Defendants is responsible in some manner for the events and happenings herein alleged, and for the damages suffered by Plaintiffs, as herein alleged.  Plaintiffs will amend this complaint to show their true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe, and thereon allege, that some of the DOE Defendants named herein are or were agents, employees or representatives of some of the other DOE Defendants and/or the named defendants and, in doing the things herein alleged, were acting within the course and scope of such agency, employment or representation and with the permission and consent of the said other DOE Defendants and/or the named Defendants.

15.     Plaintiffs are informed and believe, and thereon allege, that DEBORAH KOONS-GARCIA (sued individually as DOE 1), the Trust (sued as Doe 4), DEBORAH KOONS-GARCIA and DAVID HELLMAN (sued as DOES 2 and 3, respectively, in their capacities as co-trustees of the Trust), and DOES 5-200, whose precise roles and/or identities are not yet known, and each of them, wholly own and/or control Defendants JERRY GARCIA FAMILY, LLC and JERRY GARCIA ESTATE, LLC and each other, such that said individual defendants are the sole stockholders, officers, and directors of the said entity defendants, that said entity defendants are so controlled by the said individual defendants that

5

FIRST AMENDED COMPLAINT

the monies of the said entity defendants and of the individual defendants are commingled and intermingled; that there is a unity of ownership and interest between them; that the credit of one is used for the credit of the other; that the obligations of the individual defendants are paid by the entity defendants; that the entity defendants were created and capitalized for a sum of money insufficient to meet the reasonable requirements of said entity defendants; that as a result of the foregoing, the said entity defendants are the instrumentality, conduit, adjunct and alter ego of the individual defendants so as to make said entity defendants the instrumentality, conduit, adjunct and alter ego of the individual defendants. The said individual defendants, at various times and places, have managed and controlled one or more of the said entity defendants to avoid personal liability and to defraud creditors of the individual defendants and the entity defendants and, unless the fiction of the separateness of the individuals from the said entity defendants, and from each other, is ignored, great injustice will result, and fraud will be sanctioned, all to the irreparable damage and injury of Plaintiffs, and unless judgment in this action includes said individual defendants and the said entity defendants, Plaintiffs will be unable to recover and enforce the claims and rights hereinafter referred to.

## IV.     GENERAL ALLEGATIONS.

16.     Beginning in or about 1970, world-renowned keyboardist Merl Saunders ("Saunders") began a lifelong friendship and professional relationship with fellow musician, guitarist Jerome "Jerry" Garcia ("Garcia"). Over the course of his career of more than four decades, Saunders performed live innumerable times and published hundreds of musical compositions spanning dozens of commercial releases. As a result, Saunders gained worldwide musical and celebrity notoriety, and today remains a famous figure in rock & roll and jazz music. Saunders used his name, image, likeness and celebrity identity relevant to this case in numerous ways throughout the United States for many years and in every state in the country.

17.     Among his live performances, Saunders performed with Garcia on hundreds of occasions and in various musical ensembles, until Garcia's untimely death on August 9, 1995. These ensembles included, without limitation, the Legion of Mary and other musical ensembles, variously named, that

included Saunders and Garcia performing together, which performed from approximately 1970 through 1995 (collectively referred to herein as the "Merl & Jerry Band").[1]

18. Garcia and Saunders were the "frontmen" and principals of the Merl & Jerry Band. The compositions performed by the Merl & Jerry Band were often composed and arranged by one or the other of Saunders and Garcia, or by both men jointly. Saunders and Garcia verbally agreed that the Merl & Jerry Band would be conducted as a partnership between the two of them, and that all decisions regarding the Merl & Jerry Band would be made jointly. Saunders and Garcia had equal billing for performances by the Merl & Jerry Band, and spent and shared equally any money required for, or generated by, the Merl & Jerry Band.

19. The other musicians in the Merl & Jerry Band, as well as sound engineers, production assistants, equipment personnel and other professionals were retained as employees or independent contractors; Saunders and Garcia instructed that these individuals be paid "off the top" out of the gross receipts of each performance. Any money remaining from the gross receipts, after all others were paid, was shared equally between Saunders and Garcia.

20. At Saunders and Garcia's direction, many professional recordings of the Merl & Jerry Band live performances were made (the "Master Tapes"). Saunders and Garcia verbally agreed that the Master Tapes, co-owned by Saunders and Garcia, would be held in safekeeping by the recording engineer, Betty Cantor-Jackson, until Saunders and Garcia together decided what to do with them. The Master Tapes were the joint property of Saunders and Garcia and are now the joint property of their respective estates. On information and belief, neither Saunders and Garcia, nor their respective estates, ever agreed to commercially release the Master Tapes.

21. On information and belief, over the course of the years, the Master Tapes wound up in the tape vault of the world-renowned Grateful Dead, another band in which Garcia performed.

22. On information and belief, following Garcia's death, Garcia's intellectual property rights and ownership rights in the Master Tapes, including without limitation any copyrights and/or publishing

---

[1] These other musical ensembles included, without limitation, bands sometimes referred to as the Jerry Garcia & Merl Saunders Band, the Merl Saunders & Jerry Garcia Band, Merl Saunders & Friends and Reconstruction.

FIRST AMENDED COMPLAINT

rights to the songs therein, were assigned, descended, devised or bequeathed to and/or otherwise remained with Defendant JERRY GARCIA ESTATE, LLC following Garcia's death.  On information and belief, on a date unknown to Plaintiff, those rights were subsequently assigned, gifted, sold and/or otherwise transferred to Defendant JERRY GARCIA FAMILY, LLC.

23. On information and belief, on or about December 28, 2004, a CD set entitled ""Pure Jerry: Jerry Garcia & Merl Saunders Band, Keystone Berkeley, September 1, 1974," ("Pure Jerry: Keystone") was commercially released.  A true and correct copy of the packaging of Pure Jerry: Keystone is attached hereto as Exhibit "A".  Plaintiffs did not discover that Pure Jerry: Keystone had been released until some time after the release date.

24. On information and belief, Pure Jerry: Keystone is manufactured, marketed and distributed by Defendants JERRY GARCIA ESTATE, LLC and/or JERRY GARCIA FAMILY, LLC.

25. Pure Jerry: Keystone contains tracks from a recording of a September 1, 1974 live performance of the Merl & Jerry Band.  On information and belief, these tracks were taken from the Master Tapes.

26. On information and belief, on or about June 28, 2005, a CD set entitled "The Jerry Garcia Collection, Vol. 1: Legion of Mary" ("LOM Vol. 1") was commercially released.  A true and correct copy of the packaging of LOM Vol. 1 is attached hereto as Exhibit "B".  Plaintiffs did not discover that LOM Vol. 1 had been released until some time after the release date.

27. On information and belief, LOM Vol. 1 is manufactured, marketed and distributed by Defendants RHINO ENTERTAINMENT COMPANY, WARNER MUSIC GROUP CORP. and/or WARNER STRATEGIC MARKETING, INC. under license from Defendants JERRY GARCIA ESTATE, LLC and/or JERRY GARCIA FAMILY, LLC.

28. LOM Vol. 1 contains tracks from live performances of the Merl & Jerry Band from December 14, 1974; February 27, 1975; March 1, 1975; May 22, 1975; July 4, 1975; July 5, 1975; and July 7, 1975.  On information and belief, these recordings were taken from the Master Tapes co-owned by Saunders and Garcia.

29. Neither Saunders nor Plaintiffs have ever consented to the commercial release of the Master Tapes, and, in particular, have not consented to the commercial release of Pure Jerry: Keystone or LOM Vol. 1.

30. Further, as shown by Exhibits "A" and "B" hereto, Pure Jerry: Keystone and LOM Vol. 1 use Saunders' name, image, likeness and celebrity identity. Neither Saunders nor Plaintiffs authorized such use.

31. Neither prior to nor after Defendants' first use of Saunders' name, image, likeness and celebrity identity, on Pure Jerry: Keystone, LOM Vol. 1 or otherwise, did any of the Defendants ever seek or obtain permission from Saunders or Plaintiffs for such use.

32. Pure Jerry: Keystone and LOM Vol. 1 unfairly benefit from Saunders' commercial celebrity identity and gives the false impression that Saunders authorized, sponsored, endorsed and/or approved of Defendants' products.

33. As a result of Defendants' extensive and widespread unauthorized use of Saunders' name, image, likeness, song lyrics and celebrity identity, without consent and for the sole purpose of Defendants' commercial and/or financial advantage, Plaintiffs have suffered injury and will continue to do so unless such unauthorized use is permanently enjoined.

V. **PLAINTIFFS' COUNTS AGAINST DEFENDANTS**.

**Count I**

**False Endorsement and Unfair Competition**

**[Lanham Act § 43(a), 15 U.S.C. § 1125(a)]**

34. Plaintiffs reallege and incorporate by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

35. Saunders' name and visual likeness are readily recognizable and are exclusively owned by Saunders and now by Plaintiffs. During his lifetime, Saunders used his name, image, likeness and celebrity identity on CDs and other goods and/or merchandise in commerce prior to Defendants' unauthorized use of the same on Pure Jerry: Keystone and LOM Vol. 1.

36. Defendants' unauthorized commercial use of Saunders' name, image, likeness and celebrity identity, including without limitation on the packaging of Pure Jerry: Keystone and LOM Vol.

1, and in advertisements and marketing plans therefor, creates a likelihood of confusion in the minds of actual and potential consumers as to the source, association, affiliation, approval or sponsorship of Pure Jerry: Keystone and LOM Vol. 1.

37. Defendants' unauthorized use in commerce of Saunders' name, image, likeness and celebrity identity is likely to confuse consumers as to Saunders' or Plaintiffs' authorization, sponsorship, endorsement and/or approval of Pure Jerry: Keystone and LOM Vol. 1.

38. Defendants' use of Saunders' name, image, likeness and celebrity identity is an intentional act designed to associate Pure Jerry: Keystone and LOM Vol. 1 with Saunders' celebrity identity, to capitalize thereon, and to suggest authorization, sponsorship, endorsement and/or approval by Saunders or Plaintiffs, in order to profit therefrom.

39. Defendants' acts in violating Plaintiffs' rights under 15 United States Code section 1125(a) were malicious, oppressive, fraudulent, deliberate and/or willful.

40. By reason of the foregoing, Plaintiffs assert a claim against Defendants for Defendants' profits, Plaintiffs' damages, which, on information and belief, is no less than $100,000, the costs of the action, including without limitation attorney's fees, punitive damages and injunctive relief pursuant to 15 United States Code sections 1125(a), 1117 and 1116.

## Count II

## Violation of Statutory Right of Publicity

## [Cal. Civil Code § 3344]

41. Plaintiffs reallege and incorporate by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

42. As a result of Defendants' actions, as described above, Defendants have violated Saunders' statutory right of publicity, as set forth in California Civil Code section 3344.

43. The statute of limitations for California statutory right of publicity claims is four years. *Miller v. Glenn Miller Prods.*, 318 F. Supp. 2d 923, 942 (C.D. Cal. 2004).

44. Defendants' acts in violating Plaintiffs' rights under California Civil Code section 3344 were malicious, oppressive, fraudulent, deliberate and/or willful.

45. Plaintiffs are therefore entitled to an award of (1) any damages sustained by Plaintiffs as a result of Defendants' use of Saunders' name, voice, signature, photograph, or likeness without Saunders' or Plaintiffs' prior consent; (2) the greater of seven hundred fifty dollars ($750) or the actual damages suffered as a result of Defendants' unauthorized use of Saunders' name, photograph or likeness, (2) any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages, (3) punitive damages and (4) attorney's fees and costs.

## Count III

### Violation of Statutory Right of Publicity – Deceased Personality

### [Cal. Civil Code § 3344.1]

46. Plaintiffs reallege and incorporate by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

47. As a result of Defendants' actions, as described above, Defendants have violated Saunders' statutory right of publicity, as set forth in California Civil Code section 3344.1.

48. The statute of limitations for California statutory right of publicity claims is four years. *Miller v. Glenn Miller Prods.*, 318 F. Supp. 2d 923, 942 (C.D. Cal. 2004).

49. Defendants' acts in violating Plaintiffs' rights under California Civil Code section 3344.1 were malicious, oppressive, fraudulent, deliberate and/or willful.

50. Plaintiffs are therefore entitled to an award of (1) any damages sustained by Plaintiffs as a result of Defendants' use of Saunders' name, voice, signature, photograph, or likeness without Saunders' or Plaintiffs' prior consent; (2) the greater of seven hundred fifty dollars ($750) or the actual damages suffered as a result of Defendants' unauthorized use of Saunders' name, photograph or likeness, (2) any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages, (3) punitive damages and (4) attorney's fees and costs.

## Count IV

### Accounting

51. Plaintiffs reallege and incorporate by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

52. Defendants have sold, and received payment for, Pure Jerry: Keystone and LOM Vol. 1 throughout the United States. Plaintiffs are informed and believe, and thereon allege, that Defendants have realized a profit from these sales. Defendants, however, have not paid Plaintiffs' share of the profit.

53. The exact nature and extent of the sales, expenses, and inventory relating to Pure Jerry: Keystone and LOM Vol. 1 is unknown to Plaintiffs and cannot be determined without an accounting of the transactions thereof.

54. Plaintiffs have demanded that Defendants account for the sales of Pure Jerry: Keystone and LOM Vol. 1 and pay Plaintiffs their share of the profits realized from the sales. Plaintiffs, as co-owners of the Master Tapes, are entitled to such accounting. Defendants have failed and refused, and continue to fail and refuse, to render such an accounting and pay such profits.

## Count V

## Injunctive Relief

## [15 U.S.C. § 1116(a)]

55. Plaintiffs reallege and incorporate by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

56. Defendants have manufactured, marketed, sold, distributed and made other commercial use of Pure Jerry: Keystone and LOM Vol. 1 without the consent of Saunders or Plaintiffs and in contravention of the agreement made between Saunders and Garcia.

57. Defendants have benefited from the commercial use of the publicity rights, trademarks, trade names, name, likeness, image and celebrity identity of Merl Saunders, including without limitation by such use in connection with Pure Jerry: Keystone and LOM Vol. 1.

58. Defendants' continued manufacture, marketing, sale, distribution or other commercial use of Pure Jerry: Keystone and LOM Vol. 1 has caused, and will continued to cause, irreparable harm to the rights, including without limitation publicity rights, of Saunders and Plaintiffs, for which there is no adequate remedy at law, unless Defendants are enjoined from so doing by this Court.

//

//

## Count VI

## Declaratory Relief

59. Plaintiffs reallege and incorporate by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

60. A dispute has arisen between Plaintiffs and Defendants about the parties' respective rights with respect to Pure Jerry: Keystone, LOM Vol. 1 and the Master Tapes.

61. Plaintiffs contend that they hold a one-half ownership interest in Pure Jerry: Keystone, LOM Vol. 1 and the Master Tapes. Defendants dispute this contention.

62. Plaintiffs further contend that the commercial release of Pure Jerry: Keystone and LOM Vol. 1 (1) infringes on Plaintiffs' rights in the publicity, trademark, name, likeness, image and celebrity identity of Merl Saunders and (2) constitutes unfair competition and deceptive trade practices on the part of Defendants. Defendants dispute these contentions.

63. An actual controversy exists between the parties regarding the foregoing contentions and dispute thereof.

## Count VII

## Violation of California's Law Against Unfair Competition

64. Plaintiffs reallege and incorporate by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

65. Defendants have attempted to encroach upon the business of Plaintiffs by the use of Plaintiffs' trademarks, names, or devices, with the intention of deceiving and misleading the public and pass off Defendants' goods as those affiliated with or endorsed by Saunders or Plaintiffs. Defendants have misappropriated Plaintiffs' intellectual property without paying the license fees customarily paid by licensees rightfully entitled to use Saunders' name, voice, likeness, image, song lyrics, and celebrity identity to enhance their business ventures. By failing to pay those fees, Defendants derive an unfair competitive advantage. As such, Defendants' actions are in violation of California Business & Professions Code section 17200. As a result of Defendants' wrongful acts, Plaintiffs are entitled to recover actual and compensatory damages suffered and a disgorgement of Defendants' profits gained as a result of violating Plaintiffs' rights.

66. Plaintiffs are entitled to an award of the expenses of litigation against Defendants, including reasonable attorney's fees, as a result of Defendants' unauthorized and intentional actions and bad faith.

67. Plaintiff is entitled to an award of punitive damages against Defendants in order to punish Defendants and deter the same or similar conduct in the future.

## VI. PRAYER FOR RELIEF.

68. WHEREFORE, having stated their claims against Defendants, Plaintiffs request the following relief against all Defendants jointly and severally:

    a. That the Court enter judgment in favor of Plaintiffs declaring that Plaintiffs hold a one-half ownership interest in Pure Jerry: Keystone, LOM Vol. 1 and the Master Tapes;

    b. That the Court enter judgment in favor of Plaintiffs declaring that Defendants:

        i. have infringed on Plaintiffs' rights in the publicity, trademark, name, likeness, image and celebrity identity of Merl Saunders; and

        ii. have engaged in unfair competition and deceptive trade practices;

    c. That the Court enjoin Defendants and those in active concert or participation with Defendants temporarily, preliminarily, and permanently:

        i. From further manufacture, marketing, sale, distribution or other commercial use of Pure Jerry: Keystone and LOM Vol. 1; and

        ii. From making any commercial use whatsoever of the publicity rights, trademarks, trade names, name, likeness, image and celebrity identity of Merl Saunders;

    d. That the Court order an accounting of Defendants' business affairs with respect to Pure Jerry: Keystone and LOM Vol. 1 such that the parties and the Court may assess the extent to which Plaintiffs have been harmed by the unlawful conduct outlined herein and the extent to which Defendants have benefited from the unlawful conduct outlined herein;

  e. That the Court order Defendants to deliver up to Plaintiffs or the Court all prints, portraits, copies, labels, signs, packages, wrappers, receptacles, advertisements, and other materials with respect to Pure Jerry: Keystone and LOM Vol. 1;

  f. That the Court order a disgorgement of the profits, gains and advantages Defendants have obtained as a result of their acts in violating Plaintiffs' rights complained of herein and that the Court award such sum to Plaintiffs;

  g. That the Court order an award of compensatory damages and actual damages suffered by Plaintiffs in the amount of $100,000 or more, according to proof;

  h. That the Court order an award of punitive and exemplary damages against Defendants in an amount to be proven at trial;

  i. That the Court order an award of reasonable attorneys' fees and the costs of this action as permitted by law;

  j. That the Court order such other legal and/or equitable relief as this Court shall, in the sound exercise of its discretion, deems just; and

  k. That the within action be tried by a jury on all issues so triable.

IDELL & SEITEL LLP

Dated: June 26, 2009  By: /s/
           Richard Idell
           Ory Sandel
           Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs request a jury trial on all questions of fact raised by this Complaint.

IDELL & SEITEL LLP

Dated: June 26, 2009  By: /s/
           Richard Idell
           Ory Sandel
           Attorneys for Plaintiffs