RICHARD J. IDELL (SBN 69033)
ORY SANDEL (SBN 233204)
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN MORA, as Trustee of The Merl Saunders Trust; MERL SAUNDERS, JR., as Trustee of The Merl Saunders Trust; and TONY SAUNDERS, as Trustee of The Merl Saunders Trust,<br><br>                    Plaintiffs,<br><br>        v.<br><br>JERRY GARCIA ESTATE, LLC, a California limited liability company; JERRY GARCIA FAMILY, LLC, a California limited liability company; RHINO ENTERTAINMENT COMPANY, a Delaware corporation; WARNER MUSIC GROUP CORP., a Delaware corporation; WARNER STRATEGIC MARKETING, INC., a Delaware corporation; DEBORAH KOONS-GARCIA (sued as DOE 1), an individual; DEBORAH KOONS-GARCIA (sued as DOE 2) and DAVID HELLMAN (sued as DOE 3) and DOES 5 through 10, as Trustees of the KEELIN GARCIA TESTAMENTARY TRUST (sued as DOE 4); and DOES 11 through 1000, inclusive,<br><br>                    Defendants. | Case No: CV 08 5772 PVT<br><br>**EX PARTE APPLICATION FOR ORDER FURTHER EXTENDING TIME TO SERVE SUMMONS AND FIRST AMENDED COMPLAINT;**<br><br>xxxxxxxxxxxx **ORDER**<br><br>Honorable Patricia V. Trumbull |

    COME NOW Plaintiffs SUSAN MORA, as Trustee of The Merl Saunders Trust; MERL SAUNDERS, JR., as Trustee of The Merl Saunders Trust; and ANTHONY SAUNDERS WASHINGTON, as Trustee of The Merl Saunders Trust (collectively "Plaintiffs"), and hereby apply *ex parte* for an order further extending the time to serve the summons and first amended complaint in this action, as follows:

*1*   1.   On December 29, 2008 (the "Filing Date"), Plaintiffs filed the Complaint in this action, naming as defendants JERRY GARCIA ESTATE, LLC, a California limited liability company, and JERRY GARCIA FAMILY, LLC, a California limited liability company, as well as Doe defendants.

2.   Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Summons and Complaint were to have been served by April 25, 2009.

3.   On April 10, 2009, pursuant to stipulation of the parties, the Court ordered the last date to serve the Summons and Complaint extended by forty-five (45) days, to June 9, 2009 and continued the Case Management Conference until August 11, 2009 at 2:00 p.m., with all related dates adjusted accordingly.

4.   On June 11, 2009, pursuant to stipulation of the parties, the Court ordered the last date to serve the Summons and Complaint extended by a further forty-five (45) days, to July 24, 2009 and continued the Case Management Conference until September 29, 2009 at 2:00 p.m., with all related dates adjusted accordingly.

5.   On June 26, 2009, Plaintiffs filed a First Amended Complaint ("FAC") in this action, naming new defendants in addition to those originally named.

6.   Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Summons and FAC were to be served on the newly-named defendants by October 24, 2009.

7.   The 120-day period provided by Rule 4(m) of the Federal Rules of Civil Procedure was not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. Kan. 2006) (citing *Carmona v. Ross*, 376 F.3d 829 (8th Cir. 2004); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137, at 377 (3d ed. 2002); 1 James Wm. Moore et al., Moore's Federal Practice § 4.80 (3d ed. 1997)). Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. Wash. 2003).

8.   On July 24, 2009, pursuant to stipulation of the parties, the Court ordered the last date to serve the Summons and FAC on both the originally-named defendants and the newly-named defendants

extended by six (6) months, to January 24, 2010 and continued the Case Management Conference until February 23, 2010 at 2:00 p.m., with all related dates adjusted accordingly.

9. On January 22, 2010, pursuant to *ex parte* application by Plaintiffs, the Court ordered the last date to serve the Summons and FAC on both the originally-named defendants and the newly-named defendants extended by a further forty-five (45) days, to March 10, 2010 and continued the Case Management Conference until April 14, 2010 at 2:00 p.m., with all related dates adjusted accordingly.

10. Plaintiffs' January 22, 2010 *ex parte* application was made on then-current information. Specifically, at that time, material terms of settlement had been agreed to by counsel for Jerry Garcia Estate LLC, counsel for Jerry Garcia Family LLC and its members, and a co-Trustee of the Keelin Garcia Testamentary Trust. However, no agreement had yet been reached with counsel for Deborah Koons-Garcia, whether individually or as a co-Trustee of the Keelin Garcia Testamentary Trust. Plaintiffs are informed that any act on behalf of the Keelin Garcia Testamentary Trust requires the unanimous consent of both co-Trustees.

11. On February 9, 2010, counsel for Plaintiffs met with Ms. Koons-Garcia and her attorney. Following on the meeting, on March 1, 2010, Plaintiffs sent a letter enclosing a proposed settlement agreement to Ms. Koons-Garcia's attorney. Although Plaintiffs have received no response as of the date of this filing, Plaintiffs remain optimistic that settlement can be reached.

12. Further, on or about March 3, 2010, after having agreed to detailed terms of settlement, counsel for Jerry Garcia Family LLC and its members advised counsel for Plaintiffs for the first time that the settlement agreement with Jerry Garcia Family LLC and its members must be substantially identical to any settlement agreement with Ms. Koons-Garcia, on the grounds that any variances could spur future litigation between those parties, and if the settlement agreements were not substantially identical, there would be no settlement.

13. Plaintiffs and counsel for Jerry Garcia Estate LLC have agreed to detailed terms of settlement, however, that settlement cannot go forward without settlement with the other parties. In effect, the lack of agreement to settlement terms with Ms. Koons-Garcia, as of this filing, is delaying an overall settlement of this action, however, Plaintiffs remain optimistic that an overall settlement can be reached.

14. The three forty-five day and one six-month extensions of time to serve the Summons and Complaint referenced in Paragraphs 3, 4, 8 and 9 hereto were previously sought and granted by the Court. Plaintiffs have, during the time allotted by the previous extensions, made every reasonable effort to avoid unnecessary expense and conserve the resources of the parties and the Court by seeking a resolution of this action without judicial intervention. Plaintiffs recognize that the Court has been extremely patient in granting previous extensions and would not ask for a further extension if it were not reasonably calculated to lead to a global settlement. Plaintiffs are concerned that forcing the parties to incur expense in the litigation will derail the settlement efforts. Accordingly, as a consequence of the foregoing, Plaintiffs respectfully request a further two (2) month day extension of time, to and including May 10, 2010, in which to serve the Summons and FAC.

15. Plaintiffs anticipate that the extension of time requested herein will necessitate and justify a continuance of the Case Management Conference currently scheduled by the Court for April 14, 2010 and request that the Case Management Conference be continued to June 15, 2010.

Plaintiffs respectfully request that this application be granted.

IDELL & SEITEL, LLP

Dated: March 9, 2010         By:   /s/ Richard J. Idell
                                   Richard J. Idell
                                   Ory Sandel
                                   *Attorneys for Plaintiffs*

## [PROPOSED] ORDER

The Court, having reviewed the foregoing application, and good cause appearing therefor,

IT IS HEREBY ORDERED that:

1.0   Plaintiffs shall have to and including May 10, 2010, to serve the Summons and FAC on all named defendants in this action.

2.0   The Case Management Conference currently scheduled for April 14, 2010, at 2:00 p.m., shall be continued until June 15, 2010, at 2:00 p.m., or as soon thereafter as the Court may schedule, with all related dates adjusted accordingly.

SO ORDERED.

Dated: March 12, 2010

_____
HONORABLE PATRICIA V. TRUMBULL
UNITED STATES CHIEF MAGISTRATE JUDGE

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel, LLP 465 California Street, Suite 300, San Francisco, California 94104.

On March 9, 2010, I served the following document(s):

EX PARTE APPLICATION FOR ORDER FURTHER EXTENDING TIME TO SERVE SUMMONS AND FIRST AMENDED COMPLAINT; [PROPOSED] ORDER

☒ by regular **UNITED STATES MAIL** by placing a true and correct in a sealed envelope addressed as shown below. I am readily familiar with the practice of Idell & Seitel, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of the deposit for mailing stated in this affidavit.

| Eric Doney<br>Larry Rockwell<br>Eric Handler<br>DONAHUE GALLAGHER & WOODS, LLP<br>591 Redwood Hwy Ste 1200<br>Mill Valley, CA 94941-6000<br>*Attorneys for Defendant Jerry Garcia Family LLC* | Keith Kandarian<br>TOBIN& TOBIN<br>500 Sansome Street, Eighth Floor<br>San Francisco, CA 94111-3214<br>*Attorneys for Defendant Jerry Garcia Estate, LLC* |
|---|---|

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and I executed this declaration at San Francisco, California.

Elise Stieren