RICHARD J. IDELL (SBN 069033)
ORY SANDEL (SBN 233204)
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259
*Attorneys for Plaintiffs*

JONATHAN BASS (SBN 075779)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, CA 94111-4213
Telephone: (415) 391-4800
Facsimile: (415) 989-1663
*Attorneys for Defendant Deborah Koons-Garcia*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MORA, as Trustee of The Merl Saunders Trust; MERL SAUNDERS, JR., as Trustee of The Merl Saunders Trust; and TONY SAUNDERS, as Trustee of The Merl Saunders Trust,<br><br>        Plaintiffs,<br><br>    v.<br><br>JERRY GARCIA ESTATE, LLC, a California limited liability company; JERRY GARCIA FAMILY, LLC, a California limited liability company; RHINO ENTERTAINMENT COMPANY, a Delaware corporation; WARNER MUSIC GROUP CORP., a Delaware corporation; WARNER STRATEGIC MARKETING, INC., a Delaware corporation; DEBORAH KOONS-GARCIA (sued as DOE 1), an individual; DEBORAH KOONS-GARCIA (sued as DOE 2) and DAVID HELLMAN (sued as DOE 3) and DOES 5 through 10, as Trustees of the KEELIN GARCIA TESTAMENTARY TRUST (sued as DOE 4); and DOES 11 through 1000, inclusive,<br><br>        Defendants. | Case No: CV 08 5772 PSG<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date**: January 18, 2011<br><br>**Time**: 2:00 p.m.<br><br>**Place**: United States District Court, N.D. Cal.<br><br>        Courtroom 5 – Fourth Floor<br><br>        280 S. First Street<br><br>        San Jose, CA 95113<br><br>Hon. Paul S. Grewal, Presiding<br><br>[E-Filing] |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and following conference, the appearing parties hereby submit this joint report:

**1.     *Jurisdiction and Service and Governing Law.***

No issues yet exist regarding personal jurisdiction or venue.  Plaintiffs have settled in principle with all necessary named parties other than Deborah Koons-Garcia and the Keelin Garcia Testamentary Trust (of which Ms. Koons-Garcia is a co-trustee).  The effectuation of settlement with these other parties is contingent on settlement with Ms. Koons-Garcia; that settlement is still being negotiated. Both Deborah Koons-Garcia and the Keelin Garcia Testamentary Trust have been served, and Ms. Koons-Garcia has filed an answer.  The other named parties, who have not been served and who have not appeared, have been cooperating with Plaintiffs.  Plaintiffs will seek either to enter into tolling agreements and dismiss those parties without prejudice or, alternatively, to serve them by Notice and Acknowledgement of Receipt of Summons and Complaint.

**2.     *Claims, Counterclaims and Affirmative Defenses*.**

Plaintiffs are the heirs of Merl Saunders ("Saunders"), a world-renowned keyboardist who died on October 24, 2008, and the co-trustees of Saunders' trust.  The claims at issue herein are based on events and occurrences of the past forty years.

During his lifetime, Saunders had a long-standing friendship and professional relationship with fellow musician, Jerome "Jerry" Garcia ("Garcia"), who, among other things, was the lead guitarist for the Grateful Dead.  Over the decades, Saunders and Garcia performed live together on numerous occasions, under different band names (collectively, the "Merl & Jerry Band").  Plaintiffs contend that each iteration of the Merl & Jerry Band was undertaken as a partnership between Saunders and Garcia, with the two partners equally sharing in any profits made after all expenses were paid, including per diems to other band musicians, accommodations, travel, etc.  Recordings of many of their performances were made.  Plaintiffs contend that Saunders and Garcia co-owned the master tapes of these performances.

Garcia died on August 9, 1995.  Following Garcia's death, his estate went through probate.  The majority of his estate was bequeathed to his children and Deborah Koons-Garcia, his spouse at the time

of his death.  Thereafter, the heirs created a limited liability company, Jerry Garcia Estate, LLC (the "Estate LLC") and contributed their respective interests of Garcia's estate to the Estate LLC.  The Estate LLC managed exploitation of any rights previously held by Garcia, including rights in and to his musical compositions, performances, personal property, publicity and personality rights and the like.[1]

In or about late December of 2004, a set of media containing tracks from a recording of a September 1, 1974 live performance of the Merl & Jerry Band, entitled "Pure Jerry: Jerry Garcia & Merl Saunders Band, Keystone Berkeley, September 1, 1974" ("Pure Jerry: Keystone"), was commercially released by the Estate LLC.  Approximately six months later, in or about June of 2005, another set of media containing tracks from live performances of the Merl & Jerry Band from 1974 and 1975, entitled "The Jerry Garcia Collection, Vol. 1: Legion of Mary" ("LOM Vol. 1"), was commercially released by Rhino Entertainment Company, Warner Music Group Corp. and/or Warner Strategic Marketing, Inc. (collectively, "WSM") in conjunction with the Estate LLC.  Plaintiffs contend that neither Pure Jerry: Keystone nor LOM Vol. 1 was authorized by Saunders or Plaintiffs.

As a result, Plaintiffs filed the complaint in this action in December of 2008, alleging claims for violation of the Lanham Act and Saunders' rights of publicity, as well as for an accounting, injunctive relief, declaratory relief and unfair business practices.

Defendant Deborah Koons-Garcia contends, among other things, that no partnership ever existed between Saunders and Garcia, that none of Plaintiffs' claims lie against her personally, and that Plaintiffs' claims are time-barred, and should have been made in the probate of Garcia's estate, if at all.

**3.**     *Key Legal Issues*.

The key legal issues in this matter are:

    **a.**   Whether the defendants are liable for Lanham Act violations for passing off Pure Jerry:

---

[1] As of this filing, the Estate LLC has been legally dissolved.  The Garcia heirs other than Deborah Koons-Garcia and the Keelin Garcia Testamentary Trust became members of the Jerry Garcia Family, LLC (the "Family LLC"), which succeeds the Estate LLC as to those heirs' interests in Garcia's rights. Both the Estate LLC and the Family LLC are named defendants.  Plaintiffs have reached a settlement in principle with both limited liability companies.

Keystone and LOM Vol. 1 as having been authorized by Saunders or Plaintiffs;

**b.**   Whether the defendants are liable for violating Saunders' rights of publicity;

**c.**   Whether the defendants must account to Plaintiffs for the manufacture, production, distribution and sale of Pure Jerry: Keystone and LOM Vol. 1;

**d.**   Whether the defendants should be enjoined from further distribution of Pure Jerry: Keystone and LOM Vol. 1;

**e.**   Whether Garcia and Saunders were partners in the Merl & Jerry Band;

**f.**   Whether Plaintiffs are entitled to actual and punitive damages, attorneys' fees and costs of suit;

**g.**   Whether the manufacture, production, distribution and sale of Pure Jerry: Keystone and LOM Vol. 1 by the defendants constitutes unfair business practices;

**h.**   Whether any of Plaintiffs' claims are time-barred or otherwise meritless.

**4.**   *Likelihood of Motions*.

   **a.**   <u>**Plaintiffs' Statement.**</u>

   Plaintiffs may move for summary judgment and/or summary adjudication of issues on the basis of a notarized, sworn declaration from Richard Loren, who was Garcia's manager in the 1970s for all of Garcia's non-Grateful Dead matters.  In support of such motion, Plaintiffs may also offer evidence from David Hellman, who was Garcia's accountant for the relevant time period and is presently a co-trustee of the Keelin Garcia Testamentary Trust.

   **b.**   <u>**Defendant Deborah Koons-Garcia's Statement.**</u>

   Defendant Deborah Koons-Garcia may move for summary adjudication of at least certain of the claims, insofar as they are predicated on acts by the Estate LLC, for which she bears no personal liability.

**5.**   *Amendment of Pleadings*.

   On December 29, 2008, Plaintiffs filed the Complaint in this action, naming as defendants Jerry Garcia Estate, LLC, a California limited liability company, and Jerry Garcia Family, LLC, a California limited liability company, as well as Doe defendants.  On June 26, 2009, Plaintiffs filed a First

Amended Complaint ("FAC") in this action, naming new defendants, including defendant Deborah Koons-Garcia, in addition to those originally named.  Ms. Koons-Garcia answered on August 9, 2010. On or about December 14, 2010, the Keelin Garcia Testamentary Trust accepted service of the summons and complaint by Notice and Acknowledgement of Receipt.  The Keelin Garcia Testamentary Trust has not yet answered the FAC.

**6.    *Evidence Preservation*.**

The parties are aware of their duties to preserve evidence.

**7.    *Disclosures*.**

The parties have not yet made the disclosures required by Rule 26(f) of the Federal Rules of Civil Procedure, however, all of the defendants except WSM[2] have been provided a copy of the declaration of Richard Loren, which supports the factual allegations of the FAC.

**8.    *Discovery and Experts*.**

The parties do not anticipate that any special exceptions will be required dispensing with the limitations on discovery set forth in Rule 26 of the Federal Rules of Civil Procedure.  A limited number of depositions may be required on both sides, including third party depositions.

The parties have not yet identified any experts that may be required at trial or on motion.  If any of the defendants retains any experts, Plaintiffs may need to retain one or more rebuttal experts.

**9.    *Class Actions*.**

This is not a class action.

**10.   *Related Cases*.**

There are no related cases pending.

**11.   *Disclosure of Non-Party Interested Entities or Persons*.**

As to Plaintiffs, there is no such interest to report. As to defendant Deborah Koons-Garcia, there is no interest to report.

**12.   *Issues that May be Resolved on Summary Judgment*.**

---

[2] Plaintiffs believe that WSM may be indemnified from liability for the claims alleged.

### a.   **Plaintiffs' Statement.**

Plaintiffs believe that liability issues involving their allegations of a partnership between Saunders and Garcia and, thus, of the ownership rights in the master recordings of the Merl & Jerry Band and exploitation thereof, may be resolved on summary judgment.

### b.   **Defendant Deborah Koons-Garcia's Statement.**

Defendant Deborah Koons-Garcia believes that some or all of the claims against her may be subject to resolution on summary judgment.  In particular, those claims arising out of acts committed by third parties, and not by Deborah Koons Garcia, may be subject to summary disposition.

**13.**   *Settlement Discussions and Settlement Election*.

Plaintiffs have reached settlement agreements in principle with (1) the Estate LLC and (2) the Family LLC and its members.  The latter settlement agreement is expressly contingent on settlement with Deborah Koons-Garcia.  Plaintiffs have negotiated extensively with Ms. Koons-Garcia and her counsel, however, the parties have not reached agreement.  Settlement discussions are continuing.

**14.**   *Time Estimate for Trial*.

The parties believe that a trial in this matter should last approximately two weeks.

**15.**   *Proposed Scheduling Deadlines*.

The parties propose the following scheduling deadlines:

 i. Designation of Experts:  90 days before trial pursuant to Fed.R.Civ.P., rule 26(a)(2)(C).

 ii. Discovery Cutoff:  As set by the Court pursuant to Fed.R.Civ.P., rules 16 and 26; the parties request a separate discovery cutoff for fact discovery and for expert discovery.

 iii. Hearing of Dispositive Motions:  As set by the Court pursuant to Fed.R.Civ.P., rule 16 and Judge Grewal's standing order.

 iv. Pretrial Disclosures:  30 days before trial pursuant to Fed.R.Civ.P., rule 26(a)(3)(B).

 v. Pretrial conference:  As set by the Court pursuant to Fed.R.Civ.P., rule 16.

vi.        Jury Trial:  Late Fall of 2011 or Winter of 2011-2012.

**16.    *Other Matters*.**

There are no other matters affecting the status of the case.

**17.    Other References.**

This case is not suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**18.    *Magistrate*.**

The case has been assigned to Magistrate Judge Paul S. Grewal.

**19.    *Other Matters as may Facilitate the Just, Speedy and Inexpensive Disposition of this Matter.***

None.

Jointly submitted this 11th day of January, 2011.

IDELL & SEITEL LLP

Dated:  January 11, 2011          By:     /s/ Richard J. Idell
                                          Richard J. Idell
                                          Ory Sandel
                                          *Attorneys for Plaintiffs*


COBLENTZ, PATCH, DUFFY & BASS LLP

Dated:  January 11, 2011          By:     /s/ Jonathan Bass
                                          Jonathan Bass
                                          *Attorneys for Defendant Deborah Koons-Garcia*

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel, LLP 465 California Street, Suite 300, San Francisco, California 94104.

On January 11, 2011, I served the following document(s):

**JOINT RULE 26(f) REPORT**

☒ by regular **UNITED STATES MAIL** by placing a true and correct in a sealed envelope addressed as shown below. I am readily familiar with the practice of Idell & Seitel, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of the deposit for mailing stated in this affidavit.

| | |
|---|---|
| Eric Doney<br>Larry Rockwell<br>Eric Handler<br>DONAHUE GALLAGHER & WOODS, LLP<br>591 Redwood Hwy Ste 1200<br>Mill Valley, CA 94941-6000<br>*Attorneys for Defendant Jerry Garcia Family LLC* | Keith Kandarian<br>TOBIN & TOBIN<br>500 Sansome Street, Eighth Floor<br>San Francisco, CA 94111-3214<br>*Attorneys for Defendant Jerry Garcia Estate, LLC* |

☒ by **ELECTRONIC MAIL.** As this case is subject to the United States Bankruptcy Court for the Northern District of California ECF program, pursuant to General Rule 45, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

| | |
|---|---|
| Jonathan Bass<br>Coblentz, Patch, Duffy & Bass LLP<br>One Ferry Building, Suite 200<br>San Francisco, CA 94111<br>*Attorney for Deborah Koons-Garcia* | |

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and I executed this declaration at San Francisco, California.

Amy Reyes