RICHARD J. IDELL (SBN 069033)
ORY SANDEL (SBN 233204)
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259
*Attorneys for Plaintiffs*

JONATHAN BASS (SBN 075779)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, CA 94111-4213
Telephone: (415) 391-4800
Facsimile: (415) 989-1663
*Attorneys for Defendant Deborah Koons-Garcia*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MORA, as Trustee of The Merl Saunders Trust; MERL SAUNDERS, JR., as Trustee of The Merl Saunders Trust; and TONY SAUNDERS, as Trustee of The Merl Saunders Trust, <br><br> Plaintiffs, <br><br> v. <br><br> JERRY GARCIA ESTATE, LLC, a California limited liability company; JERRY GARCIA FAMILY, LLC, a California limited liability company; RHINO ENTERTAINMENT COMPANY, a Delaware corporation; WARNER MUSIC GROUP CORP., a Delaware corporation; WARNER STRATEGIC MARKETING, INC., a Delaware corporation; DEBORAH KOONS-GARCIA (sued as DOE 1), an individual; DEBORAH KOONS-GARCIA (sued as DOE 2) and DAVID HELLMAN (sued as DOE 3) and DOES 5 through 10, as Trustees of the KEELIN GARCIA TESTAMENTARY TRUST (sued as DOE 4); and DOES 11 through 1000, inclusive, <br><br> Defendants. | Case No: CV 08 5772 RS <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> **Date**: February 3, 2011 <br><br> **Time**: 10:00 a.m. <br><br> **Place**: United States District Court, N.D. Cal. <br><br> Courtroom 3 – Seventeenth Floor <br><br> 450 Golden Gate Avenue <br><br> San Francisco, CA 94102 <br><br> Hon. Richard Seeborg, Presiding <br><br> [E-Filing] |

Pursuant to the Court's January 19, 2011 Reassignment Order, the appearing parties hereby submit this joint report:

1.      **Date case was filed.**

        December 29, 2008.

2.      **List or description of all parties.**

Plaintiffs are the heirs of Merl Saunders ("Saunders"), a world-renowned keyboardist who died on October 24, 2008, and the co-trustees of Saunders' trust.  As such, Plaintiffs are the holders of the rights in and to Saunders' persona and intellectual property.

Defendants are entities and individuals involved in the commercial release of two sets of media that Plaintiffs claim infringed on Saunders's publicity rights and intellectual property rights.

3.      **Summary of all claims, counter-claims, cross-claims, third-party claims.**

Plaintiffs claim that Defendants, in releasing the two sets of media at issue, violated the Lanham Act, infringed on Saunders' publicity rights, and failed to account to Saunders and/or Plaintiffs for the proceeds thereof.  There are no counter-claims, cross-claims or third-party claims.

4.      **Brief description of the event underlying the action.**

Plaintiffs are the heirs of Merl Saunders ("Saunders"), a world-renowned keyboardist who died on October 24, 2008, and the co-trustees of Saunders' trust.  The claims at issue herein are based on events and occurrences of the past forty years.

During his lifetime, Saunders had a long-standing friendship and professional relationship with fellow musician, Jerome "Jerry" Garcia ("Garcia"), who, among other things, was the lead guitarist for the Grateful Dead.  Over the decades, Saunders and Garcia performed live together on numerous occasions under different band names (collectively, the "Merl & Jerry Band").  Plaintiffs contend that each iteration of the Merl & Jerry Band was undertaken as a partnership between Saunders and Garcia, with the two partners equally sharing in any profits made after all expenses were paid, including per diems to other band musicians, accommodations, travel, etc.  Recordings of many of their performances were made.  Plaintiffs contend that Saunders and Garcia co-owned the master tapes of these performances and, thus, the copyrights to the performances, *i.e.*, that they were joint works.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Garcia died on August 9, 1995.  Following Garcia's death, his estate went through probate.  The majority of his estate was bequeathed to his children and Deborah Koons-Garcia, his spouse at the time of his death.  Thereafter, the heirs created a limited liability company, Jerry Garcia Estate, LLC (the "Estate LLC") and contributed their respective interests of Garcia's estate to the Estate LLC.  The Estate LLC managed exploitation of any rights previously held by Garcia, including rights in and to his musical compositions, performances, personal property, publicity and personality rights and the like.[1]

In or about late December of 2004, a set of media containing tracks from a recording of a September 1, 1974 live performance of the Merl & Jerry Band, entitled "Pure Jerry: Jerry Garcia & Merl Saunders Band, Keystone Berkeley, September 1, 1974" ("Pure Jerry: Keystone"), was commercially released by the Estate LLC.  Approximately six months later, in or about June of 2005, another set of media containing tracks from live performances of the Merl & Jerry Band from 1974 and 1975, entitled "The Jerry Garcia Collection, Vol. 1: Legion of Mary" ("LOM Vol. 1"), was commercially released by Rhino Entertainment Company, Warner Music Group Corp. and/or Warner Strategic Marketing, Inc. (collectively, "WSM") in conjunction with the Estate LLC.  Plaintiffs contend that neither Pure Jerry: Keystone nor LOM Vol. 1 was authorized by Saunders or Plaintiffs.

As a result, Plaintiffs filed the complaint in this action in December of 2008, alleging claims for violation of the Lanham Act and Saunders' rights of publicity, as well as for an accounting, injunctive relief, declaratory relief and unfair business practices.

Plaintiffs have been assiduously working on a settlement of the case since it was filed.  Plaintiffs have reached a settlement in principle with both the Estate LLC and the Family LLC as well as the individuals that comprise the membership of the Family LLC.  However, no settlement, whether in principle or otherwise, has been reached with Deborah Koons-Garcia or Keelin Garcia Testamentary Trust; both these parties have been served.  The parties attempted to obtain the voluntary approval of

---

[1] As of this filing, the Estate LLC has been legally dissolved.  The Garcia heirs other than Deborah Koons-Garcia and the Keelin Garcia Testamentary Trust became members of the Jerry Garcia Family, LLC (the "Family LLC"), which succeeds the Estate LLC as to those heirs' interests in Garcia's rights. Both the Estate LLC and the Family LLC are named defendants.

the settlement from Deborah Koons-Garcia and the Keelin Garcia Testamentary Trust,[2] but those parties refused to agree that they will not object to the settlement.  The Family LLC intends to answer the complaint by February 4, 2011 and will then file a Motion for Order on Good Faith Settlement so that settlement can be consummated.

Defendant Deborah Koons-Garcia contends, among other things, that no partnership ever existed between Saunders and Garcia, that none of Plaintiffs' claims lie against her personally, and that Plaintiffs' claims are time-barred, and should have been made in the probate of Garcia's estate, if at all.

**5.     Description of relief sought and damages claimed with an explanation of how damages are computed.**

In terms of equitable relief, Plaintiffs seek a judicial declaration that Saunders and Garcia were partners in the Merl & Jerry Band and thus hold a one-half ownership interest in Pure Jerry: Keystone, LOM Vol. 1 and the master tapes of the live performances.  Plaintiffs also seek a judicial declaration that Defendants have infringed on Saunders' publicity rights and engaged in unfair competition. Plaintiffs further seek to enjoin Defendants from further commercial exploitation of Pure Jerry: Keystone and LOM Vol. 1, as well as from further infringement of Saunders' publicity rights. Plaintiffs also seek an accounting for the two releases.

In terms of monetary damages, Plaintiffs seek $100,000 or more, according to proof, plus punitive damages and attorneys' fees and costs as allowable by law.  The $100,000 in damages sought is based on an estimate, made at the time of the filing of the complaint, of 50% of the profits of Pure Jerry: Keystone and LOM Vol. 1.

**6.     Status of discovery (including any limits or cutoff dates).**

Discovery has not yet commenced.

**7.     Procedural history of the case including previous motions decided and/or submitted, ADR proceedings or settlement conferences scheduled or concluded, appellate proceedings pending or concluded, and any previous referral to a**

---

[2] Deborah Koons-Garcia and David Hellman are the co-trustees of the Keelin Garcia Testamentary Trust.  Plaintiffs are informed that all decisions regarding the Keelin Garcia Testamentary Trust must be made unanimously by the co-trustees.

**magistrate judge.**

This case was originally assigned to Magistrate Judge Patricia V. Trumbull. Judge Trumbull granted Plaintiffs several extensions of time to serve the summons and complaint pending settlement negotiations with the various Defendants. The case was reassigned to Magistrate Judge Paul S. Grewal upon Judge Trumbull's retirement. Although originally filed in December of 2008, this case was not put at issue until December of 2010, when Judge Grewal denied Plaintiffs' request for a further extension of time to serve the summons and complaint. A case management conference was scheduled for January 18, 2011. However, on January 14, 2011, Defendant Deborah Koons-Garcia filed a declination to proceed before a magistrate judge and the conference was taken off calendar. Thereafter, the case was reassigned to Judge Richard Seeborg.

**8.    Other deadlines in place (before reassignment), including those for dispositive motions, pretrial conferences and trials.**

There are no other deadlines in place

**9.    Any requested modification of these dates and reason for the request.**

No such modification has been requested or made.

**10.    Whether the parties will consent to a magistrate judge for trial.**

This case was previously assigned to Magistrate Judge Paul S. Grewal. Defendant Deborah Koons-Garcia declined to proceed before a magistrate judge and the action was reassigned to Judge Ricahrd Seeborg.

Jointly submitted this 27th day of January, 2011.

IDELL & SEITEL LLP

Dated:  January 27, 2011          By:    /s/ Richard J. Idell
                                          Richard J. Idell
                                          Ory Sandel
                                          *Attorneys for Plaintiffs*


COBLENTZ, PATCH, DUFFY & BASS LLP

Dated:  January 27, 2011          By:    /s/ Jonathan Bass
                                          Jonathan Bass
                                          *Attorneys for Defendant Deborah Koons-Garcia*

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel, LLP 465 California Street, Suite 300, San Francisco, California 94104.

On January 27, 2011, I served the following document(s):

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

☒    by regular **UNITED STATES MAIL** by placing a true and correct in a sealed envelope addressed as shown below. I am readily familiar with the practice of Idell & Seitel, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of the deposit for mailing stated in this affidavit.

| | |
|---|---|
| Eric Doney<br>Larry Rockwell<br>Eric Handler<br>DONAHUE GALLAGHER & WOODS, LLP<br>591 Redwood Hwy Ste 1200<br>Mill Valley, CA 94941-6000<br>*Attorneys for Defendant Jerry Garcia Family LLC* | Keith Kandarian<br>TOBIN& TOBIN<br>500 Sansome Street, Eighth Floor<br>San Francisco, CA 94111-3214<br>*Attorneys for Defendant Jerry Garcia Estate, LLC* |

☒    by **ELECTRONIC MAIL.** As this case is subject to the United States Bankruptcy Court for the Northern District of California ECF program, pursuant to General Rule 45, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

| | |
|---|---|
| Jonathan Bass<br>Coblentz, Patch, Duffy & Bass LLP<br>One Ferry Building, Suite 200<br>San Francisco, CA 94111<br>*Attorney for Deborah Koons-Garcia* | |

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and I executed this declaration at San Francisco, California.

_____
Amy Reyes