RICHARD J. IDELL (SBN 069033)
ORY SANDEL (SBN 233204)
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259
*Attorneys for Plaintiffs*

JONATHAN BASS (SBN 075779)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, CA 94111-4213
Telephone: (415) 391-4800
Facsimile: (415) 989-1663
*Attorneys for Defendant Deborah Koons-Garcia*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MORA, as Trustee of The Merl Saunders Trust; MERL SAUNDERS, JR., as Trustee of The Merl Saunders Trust; and TONY SAUNDERS, as Trustee of The Merl Saunders Trust,<br><br>      Plaintiffs,<br><br>      v.<br><br>JERRY GARCIA ESTATE, LLC, a California limited liability company; JERRY GARCIA FAMILY, LLC, a California limited liability company; RHINO ENTERTAINMENT COMPANY, a Delaware corporation; WARNER MUSIC GROUP CORP., a Delaware corporation; WARNER STRATEGIC MARKETING, INC., a Delaware corporation; DEBORAH KOONS-GARCIA (sued as DOE 1), an individual; DEBORAH KOONS-GARCIA (sued as DOE 2) and DAVID HELLMAN (sued as DOE 3) and DOES 5 through 10, as Trustees of the KEELIN GARCIA TESTAMENTARY TRUST (sued as DOE 4); and DOES 11 through 1000, inclusive,<br><br>      Defendants. | Case No: CV 08 5772 RS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date**: June 9, 2011<br><br>**Time**: 10:00 a.m.<br><br>**Place**: United States District Court, N.D. Cal.<br><br>      Courtroom 3 – Seventeenth Floor<br><br>      450 Golden Gate Avenue<br><br>      San Francisco, CA 94102<br><br>Hon. Richard Seeborg, Presiding<br><br>[E-Filing] |

1

CASE NO.  5:08-CV-05772-RS

Pursuant to the Court's January 19, 2011 Reassignment Order, the appearing parties hereby submit this joint report:

**1.      Jurisdiction and service.**

The basis for the court's subject matter jurisdiction over Plaintiffs' claims is the Lanham Act, 15 U.S.C. § 1125(a), and the injunctive relief sought, 15 U.S.C. § 1116(a).

No issues exist regarding personal jurisdiction or venue.  As a result of a settlement with other parties, the only defendant that will remain in the case is Deborah Koons-Garcia, who has been served.

**2.      Facts.**

Plaintiffs are the heirs of Merl Saunders ("Saunders"), a world-renowned keyboardist who died on October 24, 2008, and the co-trustees of Saunders' trust.  As such, Plaintiffs are the holders of the rights in and to Saunders' persona and intellectual property.  Defendants are entities and individuals involved in the commercial release of two sets of media that Plaintiffs claim infringed on Saunders' publicity rights and intellectual property rights.  The claims at issue herein are based on events and occurrences of the past forty years.

During his lifetime, Saunders had a long-standing friendship and professional relationship with fellow musician, Jerome "Jerry" Garcia ("Garcia"), who, among other things, was the lead guitarist for the Grateful Dead.  Over the decades, Saunders and Garcia performed live together on numerous occasions under different band names (collectively, the "Merl & Jerry Band").  Plaintiffs contend that each iteration of the Merl & Jerry Band was undertaken as a partnership between Saunders and Garcia, with the two partners equally sharing in any profits made after all expenses were paid, including per diems to other band musicians, accommodations, travel, etc.  Recordings of many of their performances were made.  Plaintiffs contend that Saunders and Garcia co-owned the master tapes of these performances and, thus, the copyrights to the performances, *i.e.*, that they were joint works.

Garcia died on August 9, 1995.  Following Garcia's death, his estate went through probate.  The majority of his estate was bequeathed to his children and Deborah Koons-Garcia, his spouse at the time of his death.  Thereafter, the heirs created a limited liability company, Jerry Garcia Estate, LLC (the "Estate LLC") and contributed their respective interests of Garcia's estate to the Estate LLC.  The

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Estate LLC managed exploitation of any rights previously held by Garcia, including rights in and to his musical compositions, performances, personal property, publicity and personality rights and the like.[1]

In or about late December of 2004, a set of media containing tracks from a recording of a September 1, 1974 live performance of the Merl & Jerry Band, entitled "Pure Jerry: Jerry Garcia & Merl Saunders Band, Keystone Berkeley, September 1, 1974" ("Pure Jerry: Keystone"), was commercially released by the Estate LLC.  Approximately six months later, in or about June of 2005, another set of media containing tracks from live performances of the Merl & Jerry Band from 1974 and 1975, entitled "The Jerry Garcia Collection, Vol. 1: Legion of Mary" ("LOM Vol. 1"), was commercially released by Rhino Entertainment Company, Warner Music Group Corp. and/or Warner Strategic Marketing, Inc. (collectively, "WSM") in conjunction with the Estate LLC.  Plaintiffs contend that neither Pure Jerry: Keystone nor LOM Vol. 1 was authorized by Saunders or Plaintiffs.

As a result, Plaintiffs filed the complaint in this action in December of 2008, alleging claims for violation of the Lanham Act and Saunders' rights of publicity, as well as for an accounting, injunctive relief, declaratory relief and unfair business practices.

Plaintiffs have reached a settlement with both the Estate LLC and the Family LLC, as well as the individuals that comprise the membership of the Family LLC, Keelin Garcia and the Keelin Garcia Testamentary Trust.  However, no settlement, whether in principle or otherwise, has been reached with Deborah Koons-Garcia.

Defendant Deborah Koons-Garcia contends, among other things, that no partnership ever existed between Saunders and Garcia, that none of Plaintiffs' claims lie against her personally, and that Plaintiffs' claims are time-barred, and should have been made in the probate of Garcia's estate, if at all.

---

[1] As of this filing, the Estate LLC has been legally dissolved.  The Garcia heirs <u>other than</u> Deborah Koons-Garcia and the Keelin Garcia Testamentary Trust became members of the Jerry Garcia Family, LLC (the "Family LLC"), which succeeds the Estate LLC as to those heirs' interests in Garcia's rights. Both the Estate LLC and the Family LLC are named defendants.  Plaintiffs have reached a settlement with all of the Garcia heirs (including Keelin Garcia and the Keelin Garcia Testamentary Trust) other than Deborah Koons-Garcia.  Plaintiffs have also reached a settlement with both the Estate LLC and the Family LLC.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

### 3.     Legal Issues.

As to the complaint, the substantial disputed point of law is whether Saunders and Garcia were partners for the purposes of the Merl & Jerry Band.  Plaintiffs contend that Saunders and Garcia created an "at will" partnership, *see* Cal. Corp. Code § 16101(11); *Weiner v. Fleischman* (1991) 54 Cal. 3d 476, 482-483 (partnership may be formed orally or assumed to have been organized from a reasonable deduction from the acts and declarations of the parties), and that the Merl & Jerry Band partnership was never dissolved.  *Cf.* Cal. Corp. Code § 16801(1) (partnership at will cannot be dissolved except by the express will to dissolve and wind up the partnership business of at least half of the partners).  Plaintiffs further contend that the property of the Merl & Jerry Band, including the master tapes of their live performances, was and remains the property of the partnership, and not of the partners individually, and that Saunders (and now the Saunders Trust)[2] therefore has rights to use and possess the tapes equal to those of Garcia.  *Cf.* Cal. Corp. Code § 16203.

As to Defendant Deborah Koons-Garcia's affirmative defenses, the substantive disputed points of law are (1) whether Deborah Koons-Garcia has personal liability for the claims alleged and (2) whether Plaintiffs' claims should have been made in the probate of Garcia's estate and are, at this point, time-barred.

As to the first disputed point of law, Plaintiffs contend that Deborah Koons-Garcia, as a former member of and successor-in-interest to Jerry Garcia Estate LLC, does have personal liability.  *See* Cal. Corps. Code § 17355(a)(1)(B).  As to the second disputed point of law, Plaintiffs contend that, even though Garcia's partnership interest in the Merl & Jerry Band is (or should have been) included in the probate estate, reported in the inventory and appraised, the representative of Garcia's estate had no inherent authority to take possession of partnership assets or to continue operation of the partnership business in place of the decedent, *i.e.*, Garcia, and that the right to continue the business lies with the surviving partner, *i.e.*, Saunders.  *See* Ross, *Cal. Practice Guide: Probate* (The Rutter Group 2008) ¶

---

[2] The death of a partner does not necessarily terminate the partnership. *See Zeibak v. Nasser* (1938) 12 Cal. 2d 1, 17-18.  Moreover, it is the *surviving* partner that is the trustee (or "quasi trustee," *see Metzenbaum v. Metzenbaum* (1953) 115 Cal. App. 2d 395, 398), for the benefit of the decedent's beneficiaries, of the assets of the partnership. *Sibert v. Shaver* (1952) 111 Cal. App. 2d 833, 839.  Since Saunders outlived Garcia, Saunders would have been the trustee of the Merl & Jerry Band's assets.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

14:127, p. 14-34 to 14-34.1 (rev. # 1, 1997).

**4.      Motions**.

There have been no motions made in this matter to date.  Plaintiffs do not anticipate making any motions unless discovery disputes arise, in which case a motion to compel may become necessary.  Defendant Deborah Koons-Garcia does not anticipate any motions, other than a possible dispositive motion prior to trial.

**5.      Amendment of Pleadings**.

The complaint in this action was filed on December 29, 2008.  A first amended complaint was filed on June 26, 2009.  Plaintiffs, having settled with all essential parties except Deborah Koons-Garcia, do not anticipate amending the first amended complaint to add any parties or claims.  Ms. Koons-Garcia, having answered the amended complaint, does not anticipate amending her answer.

**6.      Evidence Preservation**:

The parties have discussed evidence preservation issues and are aware of their duties to preserve evidence.

**7.      Disclosures**.

There has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26.  By agreement of the parties, Plaintiffs served their initial disclosures on May 26, 2011.  By agreement of the parties, Defendant Deborah Koons-Garcia served her initial disclosures on May 26, 2011.

Plaintiffs and Defendant Deborah Koons-Garcia have disclosed the following individuals likely to have discoverable information:

      i.      Richard Loren

      ii.      Merl Saunders, Jr.

      iii.      Tony Saunders

      iv.      Susan Mora

      v.      Ron Tutt (drums on LOM Vol. 1)

      vi.      Martin Fierro (sax and flute on both releases)

      vii.      Paul Humphrey (drums on Pure Jerry: Keystone)

viii.     Tim Jorstad, manager of Jerry Garcia Estate LLC

ix.     Christopher Sabec, former CEO and manager of Jerry Garcia Estate LLC

x.     The manager of Jerry Garcia Family LLC

xi.     The executor of the estate of Jerry Garcia

xii.     Representatives of Rhino Entertainment Company, Warner Music Group Corp. and Warner Strategic Marketing, Inc. involved in the release of Pure Jerry: Keystone and LOM Vol. 1

xiii.     Persons and entities involved in the management of the Merl & Jerry Band, including without limitation accountants, attorneys, managers and agents

xiv.     Friends, relatives, employees and/or business associates of Saunders and Garcia, respectively, who have knowledge of the facts upon which the allegations of the first amended complaint are based

The parties will also set forth descriptions, by category and location, of the documents, electronically stored information, and tangible things that may be used to support their claims or defenses, which include the following:

a.     The Declaration of Richard Loren dated December 17, 2009;

b.     Any extant documents relating to the formation and business of, and performances by, the Merl & Jerry Band, including any extant documents reflecting any accounting for performances by the Merl & Jerry Band;

c.     Any extant musician, artist, distribution, manufacture and other third party agreements regarding the Merl & Jerry Band or exploitation of the master recordings of any of the live performances of the Merl & Jerry Band;

d.     Agreements entered into by Jerry Garcia Estate LLC regarding the exploitation, or the licensing or assignment for exploitation, of the master recordings of any of the live performances of the Merl & Jerry Band, including without limitation those agreements relating to Pure Jerry: Keystone and LOM Vol. 1;

e.     Correspondence (including emails) relating to Pure Jerry: Keystone nor LOM Vol. 1;

CASE NO. 5:08-CV-05772-RS

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

f.     Correspondence (including emails) relating to the Merl & Jerry Band and the master recordings of any of the live performances of the Merl & Jerry Band;

g.     Accounting documents relating to Pure Jerry: Keystone nor LOM Vol. 1;

h.     Documents evidencing the management of the Merl & Jerry Band, including without limitation accounting and legal documents;

i.     Other documents containing facts upon which the allegations of the first amended complaint are based.

Plaintiffs have disclosed to Defendant Deborah Koons-Garcia that Plaintiffs' calculation of damages is based on 50% of the profits of Pure Jerry: Keystone and LOM Vol. 1, as well as additional damages for violation of Saunders' publicity rights and violation of the Lanham Act and California unfair competition law.

Defendant Deborah Koons-Garcia has disclosed that there is no insurance applicable to the claims made by Plaintiffs.

**8.     Discovery.**

To date, no discovery has been propounded or responded to.  At this time, the parties do not anticipate that any special exceptions will be required dispensing with the limitations on discovery set forth in Federal Rule of Civil Procedure 26.  The parties agree that depositions will be required. Plaintiffs reasonably anticipate that 7 to 10 depositions will be necessary.  Defendant Deborah Koons-Garcia does not presently know how many depositions will be necessary.

**9.     Class Actions.**

This case is not a class action.

**10.     Related Cases.**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11.     Relief.**

In terms of equitable relief, Plaintiffs seek a judicial declaration that Saunders and Garcia were partners in the Merl & Jerry Band and thus hold a one-half ownership interest in Pure Jerry: Keystone, LOM Vol. 1 and the master tapes of the live performances.  Plaintiffs also seek a judicial declaration

that Defendants have infringed on Saunders' publicity rights and engaged in unfair competition. Plaintiffs further seek to enjoin Defendants from further commercial exploitation of Pure Jerry: Keystone and LOM Vol. 1, as well as from further infringement of Saunders' publicity rights. Plaintiffs also seek an accounting for the two releases.

In terms of monetary damages, Plaintiffs seek $100,000 or more, according to proof, plus punitive damages and attorneys' fees and costs as allowable by law.  The $100,000 in damages sought is based on an estimate, made at the time of the filing of the complaint, of 50% of the profits of Pure Jerry: Keystone and LOM Vol. 1.

Defendant Deborah Koons-Garcia is not presently prepared to offer any damages calculations, as she does not believe that liability, if any may have existed as to third parties, could have devolved onto her.

**12.    Settlement and ADR.**

The parties agree that private mediation, if any, would be the form of ADR best suited to reaching a negotiated resolution of this matter.  Defendant Deborah Koons-Garcia has expressed a preference for settlement discussions directly between the parties, without any intermediary; however, Plaintiffs request an order re: mediation if those discussions are not productive.  Plaintiffs have agreed to present counsel for Deborah Koons-Garcia with a written settlement proposal.

**13.    Consent to Magistrate Judge For All Purposes.**

On January 14, 2011, Defendant Deborah Koons-Garcia filed a declination to proceed before a magistrate judge.  Thereafter, the case was reassigned to Judge Richard Seeborg.

**14.    Other References.**

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues.**

There are no issues that can be narrowed by agreement or by motion.  The parties have no suggestions to expedite the presentation of evidence at trial.  Neither party requests to bifurcate issues, claims, or defenses.

**16.    Expedited Schedule.**

The parties do not believe that this matter can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling**.

The parties propose the following scheduling deadlines:

  i.  Designation of Experts: 90 days before trial pursuant to F.R.C.P. 26(a)(2)(C).

  ii.  Discovery Cutoff: As set by the Court pursuant to F.R.C.P. 16 and 26; the parties request a separate discovery cutoff for fact discovery and for expert discovery

  iii.  Hearing of Dispositive Motions:  As set by the Court pursuant to F.R.C.P. 16

  iv.  Pretrial Disclosures: 30 days before trial pursuant to F.R.C.P. 26(a)(3)(B)

  v.  Pretrial conference: As set by the Court pursuant to F.R.C.P. 16

  vi.  Trial: After March 1, 2012.

**18.    Trial**.

The case will be tried to a jury.  Plaintiffs expect the trial to run six (6) days.  Defendant Deborah Koons-Garcia does not presently have a reliable estimate of the length of the trial.

**19.    Disclosure of Non-party Interested Entities or Persons**.

Neither Plaintiffs nor Defendant Deborah Koons-Garcia has yet filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  Neither Plaintiffs nor Defendant are aware of any person who does or could have such an interest.

**20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**.

There are no other matters.

Jointly submitted this 2nd day of June, 2011.

    IDELL & SEITEL LLP

Dated: June 2, 2011   By: /s/ Richard J. Idell_____
             Richard J. Idell
             Ory Sandel
             *Attorneys for Plaintiffs*

    COBLENTZ, PATCH, DUFFY & BASS LLP

Dated: June 2, 2011          By:     /s/ Jonathan Bass
                                     Jonathan Bass
                                     *Attorneys for Defendant Deborah Koons-Garcia*


## **ATTESTATION OF CONCURRENCE**

I, Richard J. Idell, as the ECF user and filer of this document, attest that, pursuant to

General Order No. 45(X)(B), concurrence in the  filing of this document has been obtained from

Jonathan Bass, the above signatory.

IDELL & SEITEL LLP

Dated: June 2, 2011          By:     /s/ Richard J. Idell
                                     Richard J. Idell
                                     Ory Sandel
                                     *Attorneys for Plaintiffs*

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel, LLP 465 California Street, Suite 300, San Francisco, California 94104.

On June 2, 2011, I served the following document(s):

## JOINT CASE MANAGEMENT CONFERENCE STATEMENT

☒ by regular **UNITED STATES MAIL** by placing a true and correct in a sealed envelope addressed as shown below. I am readily familiar with the practice of Idell & Seitel, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of the deposit for mailing stated in this affidavit.

| | |
|---|---|
| Eric Doney<br>Larry Rockwell<br>Eric Handler<br>DONAHUE GALLAGHER & WOODS, LLP<br>591 Redwood Hwy Ste 1200<br>Mill Valley, CA 94941-6000<br>Telephone: (415) 381-4161<br>Facsimile: (415) 381-7515<br>*Attorneys for Defendant Jerry Garcia Family LLC* | Keith Kandarian<br>TOBIN& TOBIN<br>500 Sansome Street, Eighth Floor<br>San Francisco, CA 94111-3214<br>*Attorneys for Defendant Jerry Garcia Estate, LLC* |

☒ by **ELECTRONIC MAIL.** As this case is subject to the United States Bankruptcy Court for the Northern District of California ECF program, pursuant to General Rule 45, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

| | |
|---|---|
| Jonathan Bass<br>Coblentz, Patch, Duffy & Bass LLP<br>One Ferry Building, Suite 200<br>San Francisco, CA 94111<br>Telephone: 415.391.4800<br>Facsimile: 415.989.1663<br>Email: ef-jrb@cpdb.com<br>*Attorney for Deborah Koons-Garcia* | |

1

2

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and I executed this declaration at San Francisco, California.

3

Elise Stieren

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28